IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS EDWARD McCARTY, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| (1) JOYCE GILCHRIST, in her official capacity; | ) ) ) |
| (2) WILLIAM CITTY, CHIEF OF POLICE, CITY OF OKLAHOMA OKLAHOMA CITY, in his official capacity; and | ) ) ) ) |
| (3) CITY OF OKLAHOMA CITY, OKLAHOMA, | ) ) ) ) ) |
| Defendants. | ) |

Case No. CIV-2007-1374-C

JURY TRIAL DEMANDED

ATTORNEY'S LIEN CLAIMED

## **PLAINTIFF'S RESPONSE TO DEFENDANT CITY'S MOTION TO DISMISS**

Plaintiff Curtis Edward McCarty ("McCarty"), by and through his attorneys, Seymour & Graham, LLP, Perry Hudson, Marna Franklin, Colin Starger and David Autry, hereby submits his Response to Defendant Oklahoma City's Motion to Dismiss. Defendant's motion must be denied. In support of his response, McCarty would show the court the following:

## **STANDARDS GOVERNING A MOTION TO DISMSS**

A Court may dismiss a Complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief

can be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *See Hospice of Metro Denver v. Group Health Ins.,* 944 F.2d 752, 753 (10th Cir. 1991)("Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claims to entitle him to relief.")(citations omitted); *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472 (10th Cir. 1990)("Under Rule 12(b)(6), dismissal is inappropriate unless Plaintiff can prove no set of facts in support of his claim to entitle him to relief."). The Tenth Circuit has said that the federal rules "erect a powerful presumption against rejecting pleadings for failure to state a claim." *Maez v. Mountain States Tel. And Tel., Inc.,* 54 F.3d 1488, 1496 (10th Cir. 1995)(quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 89 F.2d 965, 968 (10th Cir. 1987). It is not the court's function "to weigh potential evidence that the parties might present at trial." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon*,

935 F.2d 1106, 1109 (10th Cir. 1991).

Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989).

## ARGUMENT AND AUTHORITIES

**I. This is a Malicious Prosecution Case**

This case is akin to a malicious prosecution case, and nothing else. Paragraphs 53-56 of Plaintiff's Complaint clearly outline a malicious prosecution case, as do these examples (among others) from earlier in the Complaint:

1. fraudulent testimony of Gilchrist (¶ 21);

2. unscientific testimony of Gilchrist (¶¶ 23, 25, 28G);

3. bad faith destruction of potentially exculpatory evidence (¶¶ 27, 28E);

4. deliberate alteration of Gilchrist notes (¶ 28D);

5. concealment of exculpatory altered Gilchrist notes (¶ 28F);

6. Gilchrist improperly supervised and improperly trained for testimony (¶¶ 35, 47);

7. Gilchrist, City and Citty's predecessors caused wrongful imprisonment (¶ 41);

8. Citty and City suborned Gilchrist's false testimony (¶ 43);

9. Gilchrist's deliberate defiance of a court order to produce her notes to McCarty's counsel    (¶ 32);

10. Gilchrist's pattern of engaging in acts constituting malicious prosecution,

without correction or non-deliberately indifferent supervision and training by City. (¶¶ 32, 33, 34, 35, 36, 37, 38, 40, 41);

11. City's harassment of McCarty's expert chemist, such that he would not testify for McCarty again (¶ 42B).

As the Court will readily recall, allegations in this case are in many instances precisely what were alleged in the *Jeffrey Todd Pierce* case, because the Defendants' conduct is the same. In that case this Court and the Tenth Circuit determined that the closest analogy to Defendants' alleged conduct is the tort of malicious prosecution. *Pierce v. Gilchrist,* 359 F.2d 1219 (10th Cir. 2004).

## II. The Case Is Not Time Barred

As shown above, this is a malicious prosecution case. Under the well settled law, the statute of limitations does not begin to run until the prosecution has been "declared invalid by a state tribunal authorized to make such determinations." *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Supreme Court adopted a species of tolling for §1983 claims arising out of criminal convictions:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.
> *Heck*, 512 U.S. at 486-87.

4

The prosecution of McCarty was declared invalid by Judge Twyla Mason Gray on May 11, 2007. The Tenth Circuit has held that where multiple prosecutions are at issue, a claim for malicious prosecution does not accrue until the defendant is no longer in jeopardy or, in this case until McCarty's third and final prosecution was declared invalid. *See Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1990). The claim that McCarty's case is time barred is specious.

As the Complaint alleges, but for the Defendants' malicious prosecution, Plaintiff would not have spent over twenty years in prison. As this Court determined and was affirmed by the 10th Circuit in *Pierce v. Gilchrist*, 359 F.2d 1279 (10th Cir. 2004), the closest analogy to Defendants' alleged conduct is the tort of malicious prosecution. In a claim for malicious prosecution, the limitations period does not begin until the date Plaintiff's conviction was overturned. *See Venegas v. Wagner*, 704 F.2d 1144 (9th Cir. 1983)(holding § 1983 claim that Defendant's conspired to deny Plaintiff a fair trial and cause him to be convicted based on knowingly false evidence and perjured testimony is analagous to malicious prosecution and limitations period does not run until reversal of conviction.) Malicious prosecution claims under 10th Circuit law do not accrue until charges are dismissed. *See Meadows v. Whetsel*, 227 Fed.Appx. 769. A claim for unconstitutional conviction does not accrue until the conviction is invalidated. *See Heck, infra,* at 486-487. Brady claims asserted in a § 1983 case by prisoner in connection with a rape charge did not arise for purposes of Oklahoma two-year statute of limitations until the charge was dismissed. *See Beck v. City of Muskogee Police Department*, 195 F.3d 553, 557 (10th Cir.

1999).

The Supreme Court's holding in *Wallace v. Kato,* ___U.S.___, 127 S.Ct. 1091 (2007), does not change this analysis since that case concerns only claims for detention without legal process. In *Kato*, the plaintiff's claim of false imprisonment was based on a warrantless arrest, and the Court held this specific tort of false imprisonment ended (and claim accrued) when he became held pursuant to legal process - when he appeared before the examining magistrate and was bound over for trial. *Id.* at 1096-97. If McCarty was asserting a claim for false arrest and imprisonment based on false arrest and imprisonment before formal charges were filed against him, such a claim would indeed be untimely under *Wallace*. However, McCarty makes no such claim in his Complaint.

Defendant thus misinterprets *Wallace* when it suggests *Wallace* stands for the proposition that McCarty needed to have filed "before the charge was disposed of." (Motion to Dismiss at 8-9). The "bizarre extension of *Heck*" that so concerned the Court was not the well-accepted principle that wrongful conviction suits do not accrue until all charges are dismissed, but rather the application of *Heck* to a claim based on false arrest without legal process; a tort that stands independent of wrongful conviction (and does not necessarily impugn the validity of a conviction). *See Wallace*, 127 S.Ct. at 1098. Without question, Justice Scalia - the author of both *Heck* and *Wallace* - did not announce that *Heck* was overruled, nor did he indicate that any Circuit case that applied *Heck* to pending charges in wrongful conviction suits was no longer valid. *See Holley v. County of Yolo*, 2007 WL 2384680 * 3 (E.D. Cal Aug. 17, 2007) (*Heck* rule on pending charges still applies; *Wallace*

limited to false arrest claims); *Doswell v. City of Pittsburgh*, 2007 WL 2907886 *2 (W.D.Pa. Oct. 2, 2007) (finding *Wallace* did not apply to wrongful conviction claim). *But see Kucharski v. Leveille*, --- F. Supp.2d ----, 2007 WL 4276418 * 6 (E.D. Mich Dec. 5, 2007) (suggesting *Wallace* overruled *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396 (6th Cir. 1999), but limiting holding to false arrest claims).

A brief discussion of McCarty's Fourth Amendment claim (through the Fourteenth Amendment) is in order. While the Tenth Circuit in *Pierce,* made it clear that at some point during the pretrial proceedings the analysis shifts to Due Process. McCarty does not assert otherwise. He asserts a Fourth Amendment claim only as his wrongful imprisonment post-trial can be viewed as unlawful seizure. It is at least theoretically possible that to the extent the Fourth Amendment could apply to these facts, such claim is broader than the Due Process, malicious prosecution claim.

**III. Defendants Gilchrist and Citty Are Not Entitled To Dismissal**

Plaintiff agrees with Defendant's statement in its Motion to Dismiss that suing Defendants Citty and Gilchrist in their official capacities is the functional equivalent of suing the municipality. However, Plaintiff does not agree that said fact alone entitles them to be dismissed. Defendant's Motion to Dismiss egregiously mis-cites the cases it relies upon for the proposition that Gilchrist and Citty must be dismissed. Defendant mis-cites *Clappier v. Flynn*, 605 F.2d 519 (10th Cir. 1979), as holding that a judgment which allows a recovery against the entity for its policy and against an official for implementing that policy allows multiple recovery for the same single violation. (Motion to Dismiss at 18). To the contrary,

7

the court in *Clappier* discussed the fact that no matter how many claims appear in a Complaint, and you may have federal and state claims in one Complaint, a Plaintiff is only entitled to one overall recovery when multiple theories seeking the same relief are pled and tried together. Therefore, *Clappier* has no application here. Defendant also mis-cites the holding in *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). (Motion to Dismiss at 18). That case was an attorney fee case brought pursuant to 42 U.S.C. § 1988, after a successful § 1983 case. *Id.* The Court in *Graham* discusses the differences between personal suits and official capacity suits but says, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects **other than name**, to be treated as a suit against the entity." *Id.* at 166 (emphasis added)(citing *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). In a case in the Northen District of Oklahoma in which the United States was a defendant along with several United States officers in their official capacity, a three judge panel found that,

> "there is no procedural or substantive reason to disturb Plaintiffs' choice to name and sue the agencies impacted by suing the individual Defendants in their official capacities. Although the suit may, in reality, be one against the United States, the Court believes Plaintiffs' election should control where there is no overriding substantive or procedural reason to substitute the United States as the sole Defendant." *Banks v. Gonzales,* 415 F.Supp.2d 1248 (N.D.Okla. Feb. 14, 2006).

**WHEREFORE**, premises considered, Plaintiff prays that Defendant Oklahoma City's Motion to Dismiss be denied.

Respectfully submitted,

8

s/ Scott A. Graham

Scott A. Graham, OBA No. 19817
SEYMOUR & GRAHAM, LLP
100 W. 5th Street, Suite 550
Tulsa, Oklahoma 74103
Telephone: (918) 583-5791
Facsimile: (918) 583-9251
sgraham@seymourgraham.com

and

Perry Hudson, OBA No. 17649
435 N. Walker, Suite 102
Oklahoma City, Oklahoma 73102
Telephone: (405) 208-4595
Facsimile: (405) 605-2606

and

Marna Franklin, OBA No. 17148
435 N. Walker, Suite 105
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-2454
Facsimile: (405) 605-2284

and

Colin Starger, New York Atty Reg #4123212
Admitted *Pro Hac Vice*
245 Sullivan Street, Room C24
New York, NY 10012
Telephone: (212) 998-6483
Facsimile: (212) 995-4539

and

David Autry, OBA No. 11600
1021 NW 16th Street
Oklahoma City, Oklahoma 73106
Telephone: (405) 521-9600
Facsimile: (405) 521-9669

ATTORNEYS FOR PLAINTIFF

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing instrument was submitted to the CM/ECF filing system for electronic filing and distribution to the following CM/ECF registrants appearing in this case on the 22nd day of January 2008:

Richard C. Smith, Esq.
rick.smith@okc.gov

Amanda B. Carpenter, Esq.
amanda.carpenter@okc.gov

s/ Scott A. Graham
Scott A. Graham