IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURTIS EDWARD McCARTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV 07-1374-C |
| | ) | |
| JOYCE GILCHRIST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff filed the present 42 U.S.C. § 1983 action complaining his arrest and

conviction violated certain of his Constitutional rights.  Plaintiff was originally charged in

May of 1985 with murder.  Plaintiff was convicted of that crime in 1986.  That conviction

was overturned in 1988.  Plaintiff was retried and convicted again in 1989.  The penalty

portion of that conviction was set aside in 1995.  In April of 1996, Plaintiff appeared for a

sentencing hearing and was again sentenced to death.  That sentence was affirmed in 1998.

Later in 1998, Plaintiff sought post conviction relief, which was denied in 1999.  In 2001

revelations began to surface regarding improper actions of the forensic scientist, Defendant

Gilchrist, who had testified on behalf of the state at Plaintiff's first two trials.  In September

of 2003, Plaintiff filed a second petition for post-conviction relief.  That motion was referred

to an Oklahoma County District Judge for an evidentiary hearing.  In 2005, the Oklahoma

Court of Criminal Appeals, ("OCCA") finding that Defendant Gilchrist's testimony rendered

his trial unfair,  reversed  Plaintiff's conviction, vacated his sentence and remanded his case

for a new trial.  In 2007, an Oklahoma County Judge dismissed the Information filed against

Plaintiff and he was freed.  Plaintiff brought the present action complaining that the

unconstitutional actions of Defendant Gilchrist led to his convictions and that Defendants

Citty and Oklahoma City either knew or were deliberately indifferent to Gilchrist's wrong

and/or failed to supervise or control Gilchrist.

Defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1),(2) and (6),

arguing Plaintiff's action is time barred and that Plaintiff's claims against Defendants

Gilchrist and Citty are brought in their official capacities and therefore are duplicative of the

claim against Defendant Oklahoma City.  Defendants argue that for this reason, Defendants

Gilchrist and Citty should be dismissed.

At the outset, the Court notes that Defendants' Motion is properly considered pursuant

to Fed.R.Civ. P. 12(b)(6) rather than 12(b)(1) or (2).  In this case, the limitations issue is an

affirmative defense, not a jurisdictional question.  See Ghartey v. St. John's Queens Hosp.,

869 F.2d 160, 162 (2nd 1989):

> Where the dates in a complaint show that an action is barred by a statute of
> limitations, a defendant may raise the affirmative defense in a pre-answer
> motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion
> to dismiss for failure to state a claim upon which relief can be granted rather
> than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject
> matter.

The standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is

well-established.  In ruling on a motion to dismiss for failure to state a claim, the question

is do the allegations the complaint plausibly support a legal claim for relief.  Alvarado v.

KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, -- U.S. --, --, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, -- (2007) (citation omitted).  For purposes of analysis, the Court assumes that all well-pleaded facts contained in the Complaint are true, views those facts in a light most favorable to the non-moving party,  and resolves all reasonable inferences in the non-moving party's favor.  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  Defendant has requested that the Court take judicial notice of the decisions of the OCCA.  Plaintiff has not raised an objection to that request and the Court finds such notice is proper.  Plaintiff's Complaint clearly references the cases and a published opinion is within the scope of F.R.E. 201.[1]

The initial question to be resolved is whether Plaintiff has timely brought the present action.  The parties are in agreement that Plaintiff's claim is governed by a two year limitations period.  Defendants argue the action is untimely because as of June 14, 2005, at the latest, Plaintiff's cause of action had accrued.  On that date the OCCA issued its fourth opinion on the underlying criminal case, vacated the death penalty and reversed and remanded for a new trial.  According to Defendants, Plaintiff was no longer facing an outstanding criminal judgment and therefore the limitations period began, and because Plaintiff did not file the present action within two years of that date, it is untimely and must be dismissed.

According to Plaintiff, he could not have brought his action before the Oklahoma

---

[1]  Because the Court must rely on the factual issues addressed by the OCCA, rather than the legal issues, judicial notice is necessary.

District Court Judge, Judge Gray, dismissed the action in May of 2007.  Plaintiff cites to

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), where the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff
> must prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal authorized
> to make such determination, or called into question by a federal court's
> issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not been so
> invalidated is not cognizable under § 1983.

(footnote omitted).  Plaintiff argues that this holding from Heck and the cases relying on it

make clear that his claim could not be brought until the criminal conviction was finally

dismissed in May of 2007.

Plaintiff reads Heck and its progeny too narrowly.  The remainder of the paragraph

cited by Plaintiff reads:

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if it would, the complaint
> must be dismissed unless the plaintiff can demonstrate that the conviction or
> sentence has already been invalidated. But if the district court determines that
> the plaintiff's action, even if successful, will not demonstrate the invalidity of
> any outstanding criminal judgment against the plaintiff, the action should be
> allowed to proceed, in the absence of some other bar to the suit.

Id. at 487 (footnote omitted).  Thus, the bar to a civil suit imposed by Heck is not the

existence of a criminal proceeding but whether or not the outcome of the civil suit would

necessarily "demonstrate the invalidity of any outstanding criminal judgment."  Id.  The

Tenth Circuit is in agreement with this narrowed reading.  See Smith v. Gonzales, 222 F.3d

1220, 1222 (10th Cir. 2000)("A plaintiff may not bring a civil rights suit if a favorable result in the suit would necessarily demonstrate the invalidity of an outstanding criminal judgment against the plaintiff.").

Here, Plaintiff's claim is for malicious prosecution.[2] Specifically, Plaintiff asserts that the actions or conduct of Defendant Gilchrist resulted in his wrongful prosecution and thereby violated his Constitutional rights.  As for the remaining Defendants, Plaintiff's complaints center on their knowledge of and/or reliance on Gilchrist's wrongdoing. Plaintiff's focus on Gilchrist's misdeeds renders his claim time-barred.  As noted above, Heck precludes a civil action only until that action would no longer challenge the validity of the criminal prosecution.  In this case, the Heck bar was removed in June of 2005.  At that time, the OCCA held in McCarty v. State, 2005 OK CR 10, 114 P.3d 1089, that Defendant Gilchrist's testimony and actions following trial had rendered the trials unfair.  The OCCA made clear that any future prosecution of Plaintiff could not rely on the actions of Defendant Gilchrist that Plaintiff now claims constituted Constitutional violations.  Thus, at that time, any civil action premised on Defendant Gilchrist's wrongdoing would not have challenged the criminal prosecution because that prosecution could not be based on Defendant Gilchrist's work.  Consequently, the limitations period began running on June 14, 2005 and

---

[2] Although the Complaint can be read to raise other claims, Plaintiff explicitly states in his Response to Defendants' Motion that "[t]his case is akin to a malicious prosecution case, and nothing else."  Dkt. No. 12, p. 3.  The Court will accept Plaintiff at his word and consider this case as a malicious prosecution case along the lines of the claims raised in Pierce v. Gilchrist, 359 F.3d 1219 (10th Cir. 2004).


expired on June 14, 2007, well before Plaintiff filed the present suit.

Judge Gray's May 2007 dismissal of the Information is of no import as that prosecution could not have relied on the facts supporting Plaintiff's § 1983 claim.  Thus, the fact that Plaintiff may have faced criminal prosecution until that point is immaterial.  The Tenth Circuit reached the same result in <u>Smith</u>.  Recognizing that the Plaintiff there continued to face the possibility of criminal prosecution, the Circuit held that nonetheless the § 1983 limitation period began when the alleged constitutional violations were removed. <u>Smith</u>, 222 F.3d at 1222 ("As a result, a third trial necessarily could not have implicated the constitutional violations at issue in Smith's second trial. Thus, as of March 7, 1995, a favorable judgment in a § 1983 action would not have rendered invalid any outstanding criminal judgment against Smith.").  Because the Court finds Plaintiff's claim is barred by the statute of limitations, there is no need to resolve Defendant's request for dismissal of Defendants Gilchrist and Citty.

For the reasons set forth herein, the Motion to Dismiss of Defendant City of Oklahoma City (Dkt. No. 7) is GRANTED.  Because no amendment could cure the

limitations bar, this ruling is an adjudication on the merits.  This matter is DISMISSED with

prejudice.  A judgment will enter accordingly.

　　　IT IS SO ORDERED this 22nd day of February, 2008.


ROBIN J. CAUTHRON
United States District Judge