IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

CURTIS EDWARD McCARTY,          )
                                )
                    Plaintiff,  )
                                )
vs.                             )          Case Number CIV 07-1374-C
                                )
JOYCE GILCHRIST, *et al.*,       )
                                )
                    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983 asserting his arrest and conviction violated his constitutional rights.  To understand the present posture of this case, a factual background of the criminal proceedings involving Plaintiff is necessary.

In May of 1985, Plaintiff was charged with murder.  After a trial by jury, Plaintiff was convicted of that crime in 1986.  His conviction was overturned by the Oklahoma Court of Criminal Appeals ("OCCA") in 1988.  Plaintiff was then retried and convicted again in 1989. The OCCA reversed the sentence portion of that conviction in 1995 and in 1996 a sentencing hearing was held and Plaintiff was again sentenced to death.  The OCCA affirmed that sentence in 1998.  Plaintiff then sought post-conviction relief which was denied in 1999.  In 2001, revelations began to surface regarding improper actions of a forensic scientist, namely, Defendant Gilchrist, who had testified on behalf of the State in Plaintiff's first two trials.  In September of 2003, Plaintiff filed a second petition for post-conviction relief raising claims that Defendant Gilchrist had acted in a manner that affected the fairness of his trial.

Plaintiff's post-conviction relief motion was referred by the OCCA to an Oklahoma County district judge for an evidentiary hearing. In 2005, after receiving the findings from the district judge, the OCCA found that Defendant Gilchrist's testimony rendered Plaintiff's trial unfair, reversed his conviction, vacated his sentence, and remanded his case for a new trial. In 2007, an Oklahoma County judge dismissed the Information filed against Plaintiff and he was freed.

On December 5, 2007, Plaintiff filed the Complaint in this case, alleging that the unconstitutional actions of Defendant Gilchrist led to his conviction and the Defendants Citty and Oklahoma City either knew or were deliberately indifferent to Gilchrist's wrong and/or failed to supervise or control Gilchrist.

Since the inception of this case, challenges to the timeliness of Plaintiff's Complaint have been brought. After the Complaint was filed, Defendants filed a Motion to Dismiss arguing, in part, that the statute of limitations had expired prior to the date Plaintiff filed his Complaint. On February 22, 2008, the Court agreed and entered an Order dismissing the case with prejudice. In that Order, the Court found that Plaintiff's claims accrued in June 2005, when the Oklahoma Court of Criminal Appeals remanded his case for a new trial. On March 7, 2008, Plaintiff filed a Motion to Withdraw Judgment, requesting the Court to withdraw its judgment pursuant to Federal Rule of Civil Procedure 59(e). In his motion, Plaintiff raised a number of arguments which he alleged necessitated the setting aside of the Court's judgment and permitting him to file an Amended Complaint. In its Order granting Plaintiff's motion and reopening the case, the Court noted that Plaintiff's proposed Amended

Complaint raised allegations which, if proven, could establish that constitutional violations occurred or continued after the 2005 OCCA opinion.  The parties then proceeded with discovery in this matter, ultimately filing cross-dispositive motions which are now at issue before the Court.

Along with many other arguments, Defendants renew their assertions that the limitations period has expired.  According to Defendants, Plaintiff has failed to offer any disputed material facts in support of his additional allegations raised in the Amended Complaint.  Plaintiff argues that the limitations period could not begin until the claims against him were dismissed in 2007.  In support of this argument, Plaintiff relies on Heck v. Humphrey, 512 U.S. 477 (1994), and Mondragon v. Thompson, 519 F.3d 1078 (10th Cir. 2008).  Neither case offers support for Plaintiff's position.  As the Court noted in its Order dismissing the case, the rule set forth in Heck is relatively narrow.  As the Supreme Court stated:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck at 487 (footnotes omitted).

The majority of the allegations raised by Plaintiff in support of his claim for his § 1983 malicious prosecution action, i.e., the wrongful conduct of Defendant Gilchrist and

the deliberate indifference and/or failure to supervise of Defendants Citty and Oklahoma City, arose prior to the 2005 opinion from the Oklahoma Court of Criminal Appeals and thus are time-barred.[1]  This determination is supported by the Tenth Circuit's opinion in Smith v. Gonzales, 222 F.3d 1220 (10th Cir. 2000).

Smith was convicted of two counts of first degree murder in 1978.  In March of 1995, the Tenth Circuit held that the prosecution had failed to disclose several pieces of relevant, material exculpatory evidence and therefore vacated his conviction and directed the State of New Mexico to either grant Mr. Smith a new trial or to order his permanent release from custody.  Id. at 1221.  The State of New Mexico then tried Smith a third time, but the jury could not reach a verdict and the trial court declared a mistrial.  Then in 1996, the New Mexico state prosecutors filed a *nolle prosequi* indicating they would not prosecute Smith's case further.  Id.  On February 19, 1999, Smith filed a 42 U.S.C. § 1983 action seeking compensatory and punitive damages for the violations of his constitutional rights arising from his 1978 trial.  The district court dismissed Smith's claim as being barred by the applicable statute of limitations.  Id.  The Tenth Circuit reviewed the question de novo and affirmed the dismissal.  Id.  In reaching its decision, the Tenth Circuit considered the rule set forth in Heck and determined that it did not apply to Smith's case.  The Court found that the time bar began to run and that any Heck preclusion was lifted as of March 7, 1995, stating: "as of March 7, 1995, a favorable judgment in a § 1983 action would not have rendered

---

[1]  To the extent Plaintiff argues certain acts or wrongs occurred after 2005, those claims are addressed below.

invalid any outstanding criminal judgment against Smith." <u>Id.</u> at 1222.  The Circuit rejected

Smith's argument that the statute of limitations did not begin to run until April 1996, when

he was released from prison.  The Tenth Circuit recognized that any trial after its 1995

opinion could not be fraught with the same constitutional violations that gave rise to his

§ 1983 claim.

Plaintiff argues that the <u>Mondragon</u> case requires a different result.  Plaintiff quotes

from the case where the Circuit states that:

> if Mr. Mondragon did at some point receive legal process for his imprisonment
> (as a result either of the arrest warrant or the mysterious mid-August hearing),
> he has a potential due process claim from that period until his release.  This
> claim does not accrue until the process terminated in his favor, which
> presumably is the day his habeas corpus was granted.

<u>Mondragon</u>, 519 F.3d at 1084.  Plaintiff also relies upon an unpublished opinion, <u>Meadows

v. Whetsel</u>, 227 F.App'x 769 (10th Cir. 2007), where the Circuit stated that a § 1983 claim

for malicious prosecution does not accrue until the charges have been dismissed.  Each of

these cases is distinguishable because in them the facts giving rise to the § 1983 action

indicated a continued risk of additional constitutional violations until the time that the

charges were dismissed or until the plaintiff therein was released from prison.  Thus, neither

case requires a different result from that set forth in <u>Smith v. Gonzales</u>.

Plaintiff's case is more akin to Smith's than Mondragon's or Meadows' because the

2005 OCCA reversal effectively precluded the State from offering any testimony from Ms.

Gilchrist that could have rendered the trial constitutionally infirm.  Thus, the limitations

period began with the release of the OCCA opinion rather than Plaintiff's release from custody.

In obtaining reversal of the Court's earlier dismissal based on statute of limitations grounds, Plaintiff argued that there was conduct occurring after the 2005 OCCA opinion that amounted to a continued violation of his constitutional rights and/or that there was a conspiracy claim which also would give rise to his § 1983 claim.  Plaintiff has failed to dispute the material facts produced by Defendants demonstrating that neither claim is viable.  Plaintiff argues that it was because of Gilchrist's prior bad acts that he continued to face the threat of prosecution following the 2005 OCCA opinion.  This claim must fail as a matter of law.  Plaintiff has made clear that his claims herein are premised on malicious prosecution.

The Tenth Circuit has held that common law elements of malicious prosecution are the starting point for analysis of a § 1983 malicious prosecution claim.  Pierce v. Gilchrist, 359 F.3d 1279, 1285-86 (10th Cir. 2004).  The ultimate question in such a case "is whether plaintiff has proven the deprivation of a constitutional right."  Novitsky v. City of Aurora, 491 F.3d 1244, 1257-58 (10th Cir. 2007) (citing Taylor v. Meacham, 82 F.3d 1556, 1561 (10th Cir. 1996)).  To establish a § 1983 malicious prosecution claim, Plaintiff must offer evidence of the following elements:  "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."  Wilkins v. DeReyes, 528 F.3d 790 (10th Cir. 2008), cert. denied, ___ U.S. ___, 129 S.Ct. 1526 (2009).  Plaintiff

simply cannot satisfy either the first or third element.  Following the 2005 opinion, the actions of Gilchrist could have no longer provided or caused the Plaintiff's continued confinement or prosecution.

Plaintiff argues that he has satisfied this element because it was Ms. Gilchrist's action of destroying exculpatory evidence that permitted the State to continue its quest to prosecute him.  Fatal to this argument is the OCCA's decision in 2005 where it addressed his claim of the sufficiency of the evidence.  Therein, the OCCA noted that the State had pieced through the circumstantial evidence and stated that, "'even without the serology and hair evidence offered by Joyce Gilchrist, sufficient evidence, taken in a light most favorable to the State, is available for any rational trier of fact to find Petitioner guilty of the first-degree murder of Pam Willis.'"  McCarty v. State, 2005  OK CR 10, ¶ 21, 114 P.3d 1089, 1095.  The OCCA considered the arguments of both the State and Mr. McCarty and held that reasonable minds could disagree on the question of Plaintiff's guilt, noting that although Ms. Gilchrist damaged the largely circumstantial case, her removal is not necessarily fatal to continued prosecution. Id. ¶ 23.  Thus, the OCCA found that sufficient evidence existed, even when any unconstitutional acts were removed, to permit continued prosecution of Plaintiff.  Thus, it cannot be said that the actions of any of the Defendants herein caused the Plaintiff's continued confinement or prosecution.  Moreover, to the extent Plaintiff argues that if an examination of the hairs from the rope revealed the hairs were not his, that finding would be exculpatory, but his argument ignores the fact that the prosecution contended throughout the process that more than one person was involved.  Thus, even had the hairs from the rope been

clearly established as not coming from Plaintiff, probable cause still existed for his prosecution.  As the OCCA further noted, Plaintiff made a number of admissions which a reasonable jury could find were sufficient to establish his guilt.  Thus, probable cause existed and Plaintiff's claim for malicious prosecution following the 2005 OCCA opinion must fail.

As for the conspiracy claim, Plaintiff has come forward with no evidence, either in his brief seeking partial summary judgment or in response to Defendants' arguments that the limitations period had expired, from which a reasonable jury could find the existence of a conspiracy to continue his prosecution following the 2005 OCCA opinion.

As set forth more fully herein, the Court finds that Plaintiff's claims are barred by the applicable statute of limitations and therefore Defendants are entitled to judgment as matter of law.  Accordingly, Defendant Gilchrist's, in Her Official Capacity Only, Motion for Summary Judgment (Dkt. No. 62); Defendant Citty's, in His Official Capacity, Motion for Summary Judgment (Dkt. No. 64); and Defendant City of Oklahoma City's Motion for Summary Judgment (Dkt. No. 66) are GRANTED.  Plaintiff Curtis Edward McCarty's Motion for Partial Summary Judgment (Dkt. No. 67) is DENIED.  A separate judgment shall issue.

IT IS SO ORDERED this 23rd day of September, 2009.

ROBIN J. CAUTHRON
United States District Judge

8